UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are **not** confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | No. 15-55449 |
| District Court/Agency Case Number(s): | No. 2:14-cv-02262-SVW-E |
| District Court/Agency Location: | Central District of California |
| Case Name: | NML Capital, Ltd. v. Space Exploration Technologies Corp. et al. |
| If District Court, docket entry number(s) of order(s) appealed from: | Docket Nos. 50, 51 |
| Name of party/parties submitting this form: | NML Capital, Ltd. |

Please briefly describe the dispute that gave rise to this lawsuit.

To satisfy unpaid money judgments that Appellant NML Capital, Ltd. ("NML") holds against the Republic of Argentina ("Argentina"), NML brought a creditor complaint in the Central District of California to attach Argentina's contractual rights under launch services contracts ("Launch Services Contracts") between Argentina's Comision Nacional de Actividades Espaciales ("CONAE") (i.e., the National Space Activities Commission, a political subdivision of the Argentine State), and Space Exploration Technologies Corp. ("SpaceX").

Briefly describe the result below and the main issues on appeal.

The Central District of California dismissed NML's creditor complaint. Though the court determined it had jurisdiction over CONAE pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1603(a), 1605(a), it concluded that Argentina's rights under the Launch Services Contracts were not subject to attachment under the FSIA, 28 U.S.C. § 1610, because Argentina was not "using" the Launch Services Contracts. NML challenges this ruling on appeal, as well as the Central District of California's denial of its motion for leave to serve discovery prior to the Rule 26(f) conference as moot.

Describe any proceedings remaining below or any related proceedings in other tribunals.

Beginning in 2003, NML filed eleven actions in the Southern District of New York to collect on defaulted Argentine bonds. That court entered five money judgments in NML's favor, totaling more than $1.7 billion with interest, and granted summary judgment to NML in the remaining six cases. Argentina has refused to satisfy these judgments, and NML has thus attempted to execute them against Argentina's property. The Southern District of New York also issued an injunction ordering Argentina to abide by the bonds' contractual guarantee of equal treatment, and held Argentina in civil contempt for persistently violating that injunction and other court orders.

Provide any other thoughts you would like to bring to the attention of the mediator.

The present position of the Republic of Argentina is that it will not negotiate with Plaintiff over Plaintiff's unpaid judgments. The Southern District of New York ordered Argentina to participate in mediation before a Special Master in June 2014, but Argentina withdrew from the process after a few meetings, and publicly criticized the mediator's "unskillfulness, evident partiality, and arbitrariness." See Argentine Ministry of Economy and Public Finance, Press Release (Feb. 29, 2015). For these reasons, NML does not believe mediation will be fruitful.

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature: /s/ Matthew D. McGill

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for: Appellant NML Capital, Ltd.

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator). Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.