No. 15-55449

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NML CAPITAL, LTD.,

*Plaintiff-Appellant*,

v.

SPACE EXPLORATION TECHNOLOGIES CORP., a.k.a. SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, a political subdivision of the Argentine State, AKA CONAE

*Defendants-Appellees*.

From the United States District Court,
Central District of California
Case No. 2:14-cv-02262-SVW-E
The Honorable Stephen V. Wilson

**APPELLANT'S REPLY IN SUPPORT OF ITS MOTION
TO EXPEDITE BRIEFING AND HEARING ON APPEAL**

| | |
|---|---|
| HAROLD A. BARZA | THEODORE B. OLSON |
| BRUCE E. VAN DALSEM | MATTHEW D. MCGILL |
| IAN S. SHELTON | GIBSON, DUNN & CRUTCHER LLP |
| QUINN EMANUEL URQUHART & | 1050 Connecticut Avenue, N.W. |
| SULLIVAN, LLP | Washington, DC 20036-5306 |
| 865 South Figueroa Street, 10th Floor | Telephone: 202.955.8500 |
| Los Angeles, California 90017 | Facsimile: 202.467.0539 |
| Telephone: 213.443.3000 | |
| Facsimile: 213.443.3100 | |

*Attorneys for Plaintiff-Appellant NML Capital, Ltd.*
*(Additional Counsel Listed On Inside Cover)*

STEVEN A. ENGEL
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: 212.698.3500
Facsimile: 212.698.3599

ALEXANDER K. MIRCHEFF
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7307
Facsimile: 213.229.6307

*Attorneys for Plaintiff-Appellant NML Capital, Ltd.*

# TABLE OF CONTENTS

Page

ARGUMENT ...................................................................................................... 1

CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Elliott Assocs. L.P. v. Banco de la Nacion*,
 194 F.3d 363 (2d Cir. 1999) ............................................................................... 2

*GoTo.com, Inc. v. Walt Disney Co.*,
 202 F.3d 1199 (9th Cir. 2000) ........................................................................... 3

*NML Capital, Ltd. v. Republic of Argentina*,
 699 F.3d 246 (2d Cir. 2012) ........................................................................ 2, 6

*NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P.*,
 788 F. Supp. 2d 1111 (C.D. Cal. 2011) ............................................................ 7

**Statutes**

28 U.S.C. § 1610 ..................................................................................................... 5

28 U.S.C. § 1657 ..................................................................................................... 1

**Rules**

9th Cir. Rule 27-12 .............................................................................................. 1, 5

# ARGUMENT

NML Capital, Ltd. ("NML") has shown good cause to expedite this appeal under 28 U.S.C. § 1657 and Circuit Rule 27-12. *See* NML Mot. to Expedite 7-10. The Republic of Argentina ("Argentina") is scheduled to launch its satellites with Space Exploration Technologies Corp. ("SpaceX") in September 2015 and September 2016. If this case proceeds according to the current briefing schedule, Argentina will use its rights to services for the September 2015 launch *before* briefing concludes—and thereby moot NML's attempt to attach Argentina's rights to those services. Moreover, the normal schedule also will significantly limit NML's ability to market Argentina's rights under the Launch Services Contracts related to the September 2016 launch. Expedition is thus necessary to provide NML a meaningful remedy if this Court concludes that the district court dismissed NML's suit in error.

Argentina does not contest these points. Indeed, it apparently agrees with NML "that as time progresses, the . . . 'marketability' of these rights . . . decreases correspondingly." Argentina's Opp'n to Mot. to Expedite 3 ("Opp."). It instead raises a host of meritless arguments, in an apparent effort to win this appeal by

1

means of delay. Indeed, Argentina's prolix response only underscores that it would prefer to run out the clock.[1]

*First*, Argentina argues that expedition is not warranted because of NML's purported "strategic decision[s]" to allow the district court to take nearly nine months to decide Argentina's motion to dismiss; to file its notice of appeal 18 days after the district court dismissed the Complaint; and to file its motion to expedite three days thereafter. Opp. 2, 13. This argument is without merit. NML has diligently prosecuted this litigation at every stage. In a February 9, 2015 motion seeking immediate discovery, NML informed the district court of "NML's need to expeditiously prosecute this case." D.E. 43 at 3.[2] Surely NML's rights cannot be

---

[1] Argentina peppers its opposition with ad hominem attacks against NML—calling it a "vulture fund"—and implies that it was somehow obligated to take pennies on the dollar in Argentina's earlier restructurings. *See* Opp. 4-5. This is wrong, as the Second Circuit has recognized. NML and other bondholders "were completely within their rights to reject the 25-cents-on-the-dollar exchange offers [that Argentina offered in 2005 and 2010]." *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 263 n.15 (2d Cir. 2012). Indeed, Argentina does not contest the legality of NML's money judgments, and so such distractions are irrelevant. Even so, as the Second Circuit has recognized, funds like NML that purchase debt on the secondary market provide "incentives for primary lenders to continue to lend to high risk countries" like Argentina. *See Elliott Assocs. L.P. v. Banco de la Nacion*, 194 F.3d 363, 380 (2d Cir. 1999) (noting the importance of "[a] well-developed market of secondary purchasers of defaulted sovereign debt").

[2] Unless otherwise indicated, citations to "D.E." refer to docket entries in the district court's docket, No. 14-cv-2262 (C.D. Cal.).

2

held hostage to the district court's internal case management, or contingent on having more vigorously prodded an Article III judge to cut short his deliberations. And after waiting nearly nine months for a decision on Argentina's motion to dismiss,[3] NML needed to assess whether, if it prevailed before this Court, NML would have sufficient time before the September 2015 and September 2016 launches to market and sell Argentina's rights under the Launch Services Contracts. Having concluded that it would have enough time, NML quickly appealed weeks before the deadline for doing so, and moved to expedite days later. In any event, Argentina presents no reason why a modest delay of one or two weeks would justify mooting NML's appeal entirely as to the September 2015 launch. *Cf. GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209 (9th Cir. 2000) ("[D]elay of only a few months would not be sufficient to bar [plaintiff's request for a preliminary injunction].").

*Second*, Argentina argues that NML cannot "justify[] the significant expense of court and party resources that are inherent in expedition." Opp. 2. Not so. Expedition will not burden Argentina. Under both the default schedule and NML's proposed expedited schedule, Argentina would have 30 days to file its answering brief. *Compare* Time Schedule Order (ordering NML to file its brief on August

---

[3] Argentina filed its reply brief in the district court on June 16, 2014; the district court entered its order on March 6, 2015.

31, 2015, and Argentina to file its answering brief on September 30, 2015), *with* Mot. to Expedite 11 (proposing that NML file its brief on April 20, 2015, and that Argentina file its answering brief on May 20, 2015). NML's proposed briefing schedule also would give the parties more time to litigate before this Court than the parties had in the district court, where NML filed its opposition brief 18 days after Argentina filed its motion to dismiss. *Compare* Mot. to Dismiss, D.E. 18 (filed May 15, 2014), *with* NML Opp'n to Mot. to Dismiss, D.E. 30 (filed June 5, 2014). And Argentina has shown in its other litigation against NML that it has the capacity to litigate on an expedited basis. *See, e.g.*, Order, *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689, D.E. 59 (2d Cir. Aug. 14, 2014) (in appeal from order entered July 28, 2014, ordering Argentina to file its opening brief on August 15, 2014); Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 12-105, D.E. 490 (2d Cir. Nov. 28, 2012) (in appeal from order entered November 21, 2012, ordering Argentina to file its opening brief on December 28, 2012); Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 12-105, D.E. 44 (2d Cir. Mar. 15, 2012) (in appeal from order entered on February 23, 2012, ordering Argentina to file its opening brief on March 21, 2012). Argentina thus will not be burdened by expedition here.

Nor will expedition impose an undue burden on this Court. This case presents a clean question of law—whether Argentina is using the Launch Services

Contracts for a commercial activity under 28 U.S.C. § 1610(a). And, because the district court acted on a Rule 12 motion to dismiss, the record below consists only of a handful of docket entries, a hearing transcript, and the district court's order. There is no reason why the Court could not address this question expeditiously—and there is good cause to do so, since otherwise the case may become moot.

*Third*, Argentina argues that, even with expedition, NML cannot timely market and sell Argentina's rights under the Launch Services Contracts. Opp. 13-14. This is incorrect. Although NML would prefer to have 18 to 24 months lead time to market and sell Argentina's rights under the Launch Services Contracts, NML's expert declaration below makes clear that, under the right conditions, "the time required to prepare for the satellite launch can be six months or less." Decl. of Keith Volkert ¶ 7, D.E. 43-2. Expedition thus could still permit NML to locate a buyer for the September 2015 launch, and certainly will give it sufficient time to find one for the September 2016 launch.

*Fourth*, Argentina asserts that NML will not suffer irreparable harm because its harm "is monetary in nature—which is by definition not irreparable." Opp. 16. This contention is irrelevant, because NML seeks expedition, not an injunction. This Court will expedite appeals where "the appeal may become moot," 9th Cir. Rule 27-12, and that will unquestionably occur under the Court's default schedule. And, even if irreparable harm were a necessary element, Argentina has shown that

it will defy any money judgment entered against it, upending the law's normal assumption that money damages (or other non-equitable relief) are an adequate remedy.  Indeed, the Second Circuit previously rejected Argentina's similar argument, explaining that "there was no adequate remedy at law because the Republic has made clear . . . its intention to defy any money judgment issued by this Court."  *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 256 (2d Cir. 2012).

*Fifth*, Argentina contends that expedition is not warranted because, in its view, NML's claims lack merit.  Opp. 15-16.  But Argentina's self-interested belief concerning the merits of this appeal certainly is not the standard for expedition under Circuit Rule 27-12.

In any event, NML's appeal clearly has merit.  The district court's decision that Argentina was not "using" the Launch Services Contracts ignores entirely the prelaunch services that SpaceX provides.  Indeed, Argentina's opposition filing concedes that SpaceX is currently providing services necessary to launch Argentina's satellites.  Opp. 3 ("[A]s time progresses . . . [Argentina's rights under the Launch Services Contracts] become more uniquely tailored to CONAE's specific satellites.").  The decision also relied on a factual finding that Argentina's rights under the Launch Services Contract "were not used to keep launch slots open," D.E. 51 at 11, based on attorney assertions without any evidentiary basis—

6

the district court did not even see Argentina's contract with SpaceX, *see* D.E. 41 at 5:5-7:2 (colloquy between district court and SpaceX's counsel regarding the terms of the Launch Services Contracts). And the district court's conclusion that Argentina will not be "using" its rights under the Launch Services Contracts "until the launch process begins," D.E. 51 at 12, compels the absurd conclusion that NML *could* attach Argentina's rights under those Contracts, but only during the minutes that Argentina's satellite sits atop the SpaceX rocket prior to launch.

Argentina's frequent citation to NML's previous suit in *NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111 (C.D. Cal. 2011) ("*Spaceport*"), Opp. 2, 6-8, 10, 16, 17 n.8, does not undermine the merits of NML's present appeal. In *Spaceport*, NML sought to attach an entirely different piece of Argentine property: Argentina's satellite. *Spaceport*, 788 F. Supp. 2d at 1116 ("Plaintiff asks the Court to place a temporary lien on the Aquarius/SAC-D Satellite . . . ."). That property was not attachable because it would not be "used" until after it was launched into space. *Id.* at 1120-22. In contrast, NML here seeks to attach Argentina's rights under the Launch Services Contract—Argentina can keep its satellites. And Argentina is unquestionably "using" those rights now, because those rights oblige SpaceX to hold Argentina's launch slot and to provide prelaunch services to tailor its rocket to the specifications of Argentina's satellites.

7

## CONCLUSION

NML's request for expedited treatment satisfies this Court's good cause standard under Circuit Rule 27-12. NML therefore respectfully requests that this Court expedite this appeal according to the schedule proposed in NML's motion.

Dated: April 6, 2015                                Respectfully submitted,

| | |
|---|---|
| HAROLD A. BARZA<br>BRUCE E. VAN DALSEM<br>IAN S. SHELTON<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: 213.443.3000<br>Facsimile: 213.443.3100 | /s/ *Alexander K. Mircheff*<br>THEODORE B. OLSON<br>MATTHEW D. MCGILL<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036-5306<br>Telephone:    202.955.8500<br>Facsimile:     202.467.0539 |
| STEVEN A. ENGEL<br>DECHERT LLP<br>1095 Avenue of the Americas<br>New York, New York 10036<br>Telephone: 212.698.3500<br>Facsimile: 212.698.3599 | ALEXANDER K. MIRCHEFF<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7307<br>Facsimile: 213.229.6307 |

*Attorneys for Plaintiff-Appellant NML Capital, Ltd.*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached motion is proportionately spaced, has a typeface of 14 points, and complies with the page limitations set forth in Fed. R. App. P. 27(d).

/s/ *Alexander K. Mircheff*
Alexander K. Mircheff

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Appellant's Motion to Expedite Briefing and Hearing on Appeal with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 6, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Alexander K. Mircheff*
Alexander K. Mircheff
