# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: (212) 225-2508
E-Mail: cboccuzzi@cgsh.com

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN

LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK

ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
JOHN V HARRISON
CAROLINE F. HAYDAY
DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

March 1, 2016

BY ECF

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *NML Capital, Ltd. v. Space Exploration Technologies Corp.*, No. 15-55449
(Before: Reinhardt, Paez, and M. Smith; Argued: February 4, 2016)

Dear Ms. Dwyer:

      I write on behalf of the Republic of Argentina (the "Republic") in response to the Court's Order, dated February 24, 2016, instructing the parties "to inform this Court on or before March 1, 2016 of the status of [settlement] negotiations and the effect of any agreement on this case." Dkt. No. 45. The Republic reports that, as announced on February 29 by the Special Master overseeing the parties' settlement negotiations, plaintiff NML Capital, Ltd. ("NML") and the Republic have entered into an "Agreement in Principle" that, upon the occurrence of certain conditions precedent, will resolve the dispute underlying this appeal. *See* Feb. 29, 2016 Press Release (Ex. A). The Special Master stated that "[i]t is hoped by the parties that all [such] steps can be taken in a period of six weeks." *Id.*

      As the consummation of such settlement would moot the appeal, the Republic respectfully suggests that, in the interest of preserving judicial resources, the Court hold the appeal in abeyance and direct the parties to report to the Court on the settlement's status within the next 45 days.

Respectfully submitted,

*s/Carmine D. Boccuzzi*

cc: Counsel of Record (by ECF)

# CERTIFICATE OF SERVICE

U.S. Court of Appeals Docket Number(s): **15-55449**

**Status of Settlement Negotiations**

I hereby certify that on **March 1, 2016** I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/Bess Hubbard*
BESS HUBBARD

41427517.1

## Special Master Announces Settlement Of 15-Year Battle Between Argentina And "Holdout" Hedge Funds



NEW YORK, Feb. 29, 2016 /PRNewswire/ -- Daniel A. Pollack, Special Master appointed to preside over settlement negotiations between the Republic of Argentina and its "Holdout" Bondholders, this morning issued the following statement:

"It gives me greatest pleasure to announce that the 15-year pitched battle between the Republic of Argentina and Elliott Management, led by Paul E. Singer, is now well on its way to being resolved. The parties last night signed an Agreement in Principle after three months of intense, around-the-clock negotiations under my supervision. The Agreement in Principle, if consummated, will pay NML Capital Ltd, the fund managed by Elliott, and several other funds of other managers who had sued alongside NML, the aggregate sum of approximately $4.653 billion dollars to settle all claims, both in the Southern District of New York and world-wide. This is a giant step forward in this long-running litigation, but not the final step. The Agreement in Principle is subject to approval by the Congress of Argentina and, specifically, the lifting of the Lock Law and the Sovereign Payment Law, enacted under an earlier Administration and which would bar such settlements. Thereafter, Argentina contemplates a capital-raise in the global financial markets, which would be used to fund the payments. The four "holdout" Bondholders who are signatories to this Agreement in Principle,have agreed not to attempt to attach or otherwise interfere with that capital-raise. Upon payment, the Injunctions entered several years ago against Argentina by Judge Thomas P. Griesa would automatically dissolve if Judge Griesa's Indicative Ruling of February 19 is converted into a final Order vacating the Injunctions. The parties have agreed to take all steps necessary to cooperate with me in my capacity as Special Master and with each other to effect a consummation of the Agreement in Principle and a termination of the litigation. It is hoped by the parties that all necessary steps can be taken in a period of six weeks. The Agreement in Principle, if consummated, will pay the Funds managed by Elliott Management, Aurelius Capital, Davidson Kempner and Bracebridge Capital, 75% of their full judgments including principal and interest, plus a payment to settle claims outside the Southern District of New York and certain legal fees and expenses incurred by them over a 15-year period.

There are many people who have devoted untold hours or special talents, or both, to making this settlement possible. Foremost among them is Hon. Thomas P. Griesa, the Federal Judge who presided over all cases in re Argentina Debt Litigation for 15 years. Others entitled to greatest credit are President Mauricio Macri of Argentina, who immediately upon his election in November, set about to change the negative course that the Republic had steered in this litigation, and his Secretary of Finance Luis Caputo, who led the delegation that met with me in my capacity as Special Master and with the "holdout" Bondholders for countless hours, with patience, good will and intelligence. He was ably assisted by Santiago Bausili, Under Secretary of Finance. Also involved as important decision-makers for Argentina were: Alfonso Prat-Gay, Minister of the Economy, and Marcos Pena and Mario Quintana, the Chief and Vice Chief of the Cabinet. Their course-correction for Argentina was nothing short of heroic. On the "holdout" hedge fund side, Paul E. Singer was the central figure who involved himself intensely with me over the past several weeks on behalf of the "holdout" Bondholders. He was a tough but fair negotiator. His second-in-command, Jon Pollock, also made a key contribution to the success of the negotiations. All of the senior principals of the "holdout" hedge funds demonstrated vast talent. No party to a settlement gets everything it seeks. A settlement is, by definition, a compromise and, fortunately, both sides to this epic dispute finally saw the need to compromise, and have done so.

This settlement, if consummated, together with prior Agreements in Principle with other "holdout" Bondholders, resolves over 85% of the claims of those with "pari passu" and "me-too" Injunctions. I will continue to serve, at the pleasure of Judge Griesa, until all claims are resolved, both with respect to the consummation of this central Agreement in Principle and to facilitate settlement with all other "holdout" Bondholders who wish to resolve their claims with Argentina. In short, I will continue to help the willing find solutions.

Daniel A. Pollack (in my capacity as Special Master)

SOURCE Daniel A. Pollack